UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-183 (PAM/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | MOTION TO DISMISS |
| v. ) | MULTIPLICITOUS COUNTS |
| ) | |
| JOSHUA FRANCIS HILL, ) | |
| ) | |
| Defendant. ) | |

The defendant Joshua Francis Hill moves to dismiss count 1 or 2 of the indictment on the ground that they are multiplicitous. In support of this motion, Mr. Hill states as follows:

1. Count 1 charges Mr. Hill with first degree murder by lying in wait and with premeditation. Count 2 charges Mr. Hill with second degree murder. Both counts allege the same homicide, occurring on June 24, 2017 on the Red Lake Indian Reservation, the victim of which is identified as "John Doe, a known juvenile male and also an Indian." Thus, a single offense has been charged in two counts.

2. An indictment is multiplicitous if it alleges the same offense in multiple counts. *See Gerberding v. United States*, 471 F.2d 55 (8th Cir. 1973); *United States v. Graham*, 60 F.3d 463, 467 (8th Cir. 1995) (dismissing conviction for false statements because indictment was multiplicitous).

3. A charge of second degree murder is a lesser included offense of a charge of first degree murder under 18 U.S.C. § 1111(a). A defendant cannot commit a murder in the first degree without thereby satisfying every element of murder in the second degree. Although first degree murder contains elements not necessary for a second degree murder conviction, the

opposite is not true. There are no elements of second degree murder that are not also elements of first degree murder. For purposes of double jeopardy, first and second degree murder are the same offense. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932).

4. A defendant may not be convicted of both an offense and a lesser included offense. An indictment that charges both is, therefore, multiplicitous. *See United States v. Johnson*, 495 F.3d 951, 980-81 (8th Cir. 2007); *United States. v. Swafford*, 512 F.3d 833, 845 (6th Cir. 2008); *United States v. Parker*, 508 F.3d 434, 440 (7th Cir. 2007).

5. The indictment is defective by, in essence, charging the same offense in two counts. The government should be ordered to elect whether it intends to proceed on Count 1 or Count 2. This Court should then dismiss the other.

Dated: August 24, 2017

Respectfully submitted,

 *s/ Robert D. Richman*
ROBERT D. RICHMAN
Attorney ID No. 226142
P.O. Box 16643
St. Louis Park, MN  55416
(651) 278-4987

Attorney for Defendant