UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-183 (PAM/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **GOVERNMENT'S RESPONSE TO** |
| v. | **DEFENDANT'S PRETRIAL MOTIONS** |
| JOSHUA FRANCIS HILL, | |
| Defendant. | |

The United States of America, by and through its attorneys, Gregory G. Brooker, Acting United States Attorney for the District of Minnesota, and Clifford B. Wardlaw, Assistant United States Attorney, hereby submits its response to Defendant's pretrial motions.

1. **Motion for Discovery of 404(b) Evidence**  (Dkt. 25)

The United States is fully aware of its obligations under Rule 404(b) and intends on fully complying with its obligations.  With respect to timing, the Federal Rules of Evidence do not require the immediate disclosure of such evidence.  Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments ("Other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request will depend largely on the circumstances on each case.")  The Government intends to produce all such evidence as soon as practicable, and respectfully requests the Court order all 404(b) disclosures be made no later than fourteen days prior to trial and on a continuing basis thereafter.

2.      **Motion to Disclose Material Favorable to the Defendant**  (Dkt. 26)

The United States is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny. The United States has complied, and will continue to comply, fully with *Brady, Giglio*, and their progeny. The United States objects to the defendant motion to the extent it goes beyond the requirements of *Brady, Giglio*, and their progeny.

3.      **Motion for Discovery and Inspection**  (Dkt. 27)

The United States has already complied with Rule 16(a)(1)(A)-(F), to the extent that it can, and has even made discovery not required by law. There is uncompleted forensic testing of the rifle at the Minnesota Bureau of Criminal Apprehension. The results of the forensic examinations will be disclosed to the defense once it is completed. However, the United States objects to any discovery order which exceeds the requirements of Rule 16. Rule 16 is the only vehicle for discovery in a criminal case and it has been held consistently that there is no general constitutional right to discovery in a criminal case. *See United States v. Bursey*, 429 U.S. 545, 559 (1977).

4.      **Defendants' Motion to Dismiss Multiplicitous Counts**  (Dkt. 28)

The Indictment charges the defendant with Murder in the First Degree. This count requires the government to prove that the defendant committed murder with premeditation or lying in wait. 18 U.S.C. § 1111. Count 2 charges the defendant with Murder in the Second Degree. This count requires the government to prove the unlawful killing of a human being with malice aforethought. The government does not have to prove premeditation or lying in wait. The elements are different. The government will seek to

prosecute the defendant under both theories of liability: premeditation and malice murder. The government has the broad discretion to charge a defendant under different theories of liability. *United States v. Platter*, 514 F,3d 782, 785(8th Cir. 2008)(citing *Ball v. United States*, 470 U.S. 856, 859(1985))..   The issue here is to ensure that the defendant does not receive two punishment for the same criminal act. *Id*; *see also United States v. Emily*, 747 F.3d 974(8th Cir. 2014); *United States v. Chipps*, 410 F.3d 438, 447-448 (8th Cir. 2005). The government's position is that the defense motion is premature.  The district court has the ability to structure jury instructions to include murder in the second degree as a lesser included offense. *Platter*, 514 F.3d at 786. The jury could be order to consider count 1 and if the defendant is convicted then not to consider count 2 but to move to count 3.  The district court at sentencing can merge counts of conviction to avoid multiple sentences.

5. **Motion for Early Disclosure of Jencks**  (Dkt. 29)

The United States objects to this motion.   It has been repeatedly and consistently held in this Circuit and District that the United States may not be required to make pretrial disclosure of Jencks material.  *Finn v. United States*, 919 F. Supp. 1305, 1315 (D. Minn. 1995); *see also United States v. Ben M. Hogan Co*., 769 F.2d 1293, 1300 (8th Cir. 1985); *United States v. White*, 750 F.2d 726 (8th Cir. 1984).  Accordingly, the United States objects to any court-ordered disclosure of such statements prior to the witnesses' testimony.

6. **Defendants' Motion for Discovery Pertaining to Forensic Evidence** (Dkt. 30)

The government will request the laboratory data from the MN BCA.  This data will include the lab file that has the lab notes. However, the defense motion is too broad.  The

motion asked for the disclosure of manuals that are used by the MN BCA. The MN BCA has a library full of manuals. The standard methods used during the forensic testing will be disclosed. The government declines to provide any communication between the MN BCA and the prosecution. Such disclosure is not required by Rule 16.

7.      **Motion for Government Agents to Retain Rough Notes**  (Dkt. 31)

The United States does not object to requiring the law enforcement officials involved in the investigation of this case to retain and preserve their rough notes or evidence.

However, the United States objects to any order concerning the disclosure of rough notes. Rough notes are not considered statements within the meaning of the Jencks Act, 18 U.S.C. § 3500. *United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994) (concluding that rough notes are not a statement of witness as there was no evidence witness signed, adopted or approved of notes); *United States v. Shyres*, 898 F.2d 647, 657 (8th Cir. 1990) (defendant not entitled to discover government agents' general notes from witness interviews). Nor are agent rough notes generally discoverable as a "statement" of the agent." *See United States v. Simtab*, 901 F.2d 799, 808-09 (9th Cir. 1990) (defendant not entitled to discover testifying agents' destroyed rough notes of investigations because Jencks Act material when merely represented pieces of information put in writing to refresh memory); *United States v. Williams*, 875 F.2d 846, 853 (11th Cir. 1989) (defendant not entitled to discover agents' personal notes, contact sheets, witness lists, summaries of non-testifying witnesses' statements when bulk of material not relevant to subject matter of agents' testimony).

8. **Motion to Suppress Evidence**  (Dkt. 32)

Defendant makes a generic motion to suppress any evidence seized during the investigation, but does not identify any specific evidence which is subject to suppression. There was a search of a van during the investigation.  The defendant has failed to plead any expectation of privacy in the van.  This is fatal to the motion.  The van was owned by the defendant's stepmother.  The van was seized from her driveway and towed to a police garage.  Prior to the search law enforcement sought consent to search from the owner, Mrs. Saragosa.  The defendant did not own the van.  He was not possession of the van.  Thus, this motion is moot.  No witnesses will be called in response to this motion.

9. **Motion to Suppress Statements**  (Dkt. 33)

The United States does not intend to introduce Defendant's false exculpatory no statement to law enforcement in its case-in-chief.  Thus, Defendant's motion is moot and the United States will not call any witnesses in response to this motion.

Dated: September 7, 2017

        Respectfully Submitted,

        GREGORY G. BROOKER
        Acting United States Attorney

        *s/ Clifford B. Wardlaw*

        BY:  CLIFFORD B. WARDLAW
        Assistant U.S. Attorney
        Attorney ID No. 183908