UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,   Crim. No. 17-183 (PAM/LIB)

        Plaintiff,

v.   **MEMORANDUM AND ORDER**

Joshua Francis Hill,

        Defendant.

---

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Leo I. Brisbois dated October 16, 2017. (R&R (Docket No. 44).) In the R&R, Magistrate Judge Brisbois recommends granting Defendant Joshua Francis Hill's motion to dismiss multiplicitous counts and denying his motion to suppress evidence. Hill filed an Objection on October 30, 2017. (Docket No. 47.) The Government did not respond to Hill's Objection.

This Court must review de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). The R&R concluded that Hill had standing to argue that the seizure and subsequent search of a van was unlawful because he had a legitimate expectation of privacy in the van. (R&R at 12.) It also concluded that the Government seized the van in violation of the Fourth Amendment. The R&R concluded, however, that the subsequent search was lawful because the voluntary consent of Hill's mother, Ms. Saragosa, to search the van was sufficiently attenuated from the unlawful seizure. (Id. at 15, 20.) After conducting the required review and for the following reasons, the Court adopts the R&R.

1

Hill only objects to the R&R's application of the attenuation doctrine, arguing that Ms. Saragosa's consent was not valid and did not purge the taint of the unlawful seizure. Under the attenuation doctrine, evidence obtained from an unlawful seizure is admissible if the connection between the unlawful seizure and the discovery of evidence "has been interrupted by some intervening circumstance." Utah v. Strieff, 136 S. Ct. 2056, 2061 (2016). Consent is an intervening circumstance if it is voluntary and "purged the taint of the Fourth Amendment violation," which courts determine by considering: "(1) the temporal proximity between the Fourth Amendment violation and the grant of consent to search; (2) the presence of any intervening circumstances; and (3) the purpose and flagrancy of the agents' Fourth Amendment violation." United States v. LeBeau, 867 F.3d 960, 972 (8th Cir. 2017) (quoting United States v. Whisenton, 765 F.3d 938, 941 (8th Cir. 2014)).

Hill argues that Ms. Saragosa's consent was invalid because the Government's continued unlawful seizure made it clear to her that she "had no say as to the disposition of her property." (Def.'s Obj. (Docket No. 47) at 4-5.) But the R&R notes that Hill never argued that Ms. Saragosa's consent was involuntary or invalid. (R&R at 17 n.5) ("Defendant does not argue that Ms. Saragosa's consent to the search was involuntary or otherwise invalid."). And even if the argument was proper, the consent form that Ms. Saragosa signed stated that she had been advised of her right to refuse consent. (Id. at 20.) The Court concludes that Ms. Saragosa's consent to search the van was voluntary and valid.

2

Hill next contends that Ms. Saragosa's consent did not purge the taint of the unlawful seizure even if it was valid. He first argues that her consent was not sufficiently independent because law enforcement exploited the unlawful seizure by continuing to hold the van. See Wong Sung v. United States, 371 U.S. 471, 487-88 (1963) (concluding that evidence "come at by the exploitation of [an] illegality" must be excluded). In other words, he seems to argue that Ms. Saragosa's consent "was influenced by, or the product of, police misconduct" because they continued to hold the van. Whisenton, 765 F.3d at 941 (quoting United States v. Barnum, 564 F.3d 964, 972 (8th Cir. 2009)). But again, Ms. Saragosa's consent was voluntary.

Second, Hill contends that no intervening circumstances existed. An intervening circumstance helps demonstrate attenuation from an illegality if the circumstance provides "an opportunity 'to pause and reflect, to decline consent, or to revoke consent.'" Whisenton, 765 F.3d at 942 (quoting United States v. Greer, 607 F.3d 559, 564 (8th Cir. 2010)). Here, Ms. Saragosa was specifically advised of her right to refuse consent. Thus, her voluntary consent is an intervening circumstance because she was provided an opportunity to decline consent.

The R&R also reasons that Ms. Saragosa's knowledge that Hill was arrested on the charge of first-degree murder is an intervening circumstance because she did not object to the search, even though the purpose was clearly connected to her son's murder investigation. Hill argues that Ms. Saragosa's knowledge of his arrest would only convince her that "the agents would search the van regardless of her consent." (Def.'s Obj. at 6 (citing United States v. Yousif, 308 F.3d 820 (8th Cir. 2002)).) In Yousif, the

3

government argued that a police officer's statement that "a search could be conducted if the police had consent or probable cause" bolstered the voluntariness of defendant's consent. 308 F.3d at 831. The Eighth Circuit Court of Appeals disagreed, concluding that the defendant could reasonably infer that police would search his vehicle regardless of his consent. Id. The Court cannot make that same inference here because there is no evidence that law enforcement would have searched the van regardless of Ms. Saragosa's consent.

Finally, Hill maintains that law enforcement acted purposefully and flagrantly to unlawfully seize the van. In determining whether conduct is purposeful and flagrant, the Court considers "whether the violation was 'investigatory in design and purpose,' and whether the officers used force, threats, or intimidation." LeBeau, 867 F.3d at 973 (quoting Whisenton, 765 F.3d at 942); see also United States v. Simpson, 439 F.3d 490, 496 (8th Cir. 2006) (stating that courts may also consider whether the impropriety of the misconduct was obvious or whether the official knew that the conduct was likely unconstitutional and nevertheless engaged in it). Although the unlawful seizure of the van was presumably for an investigatory purpose, law enforcement did not search the van without consent and did not use force, threats, or intimidation to seize the van or obtain Ms. Saragosa's consent. There is also no evidence that the agents' conduct was obvious or that they knew it was unconstitutional and nevertheless engaged in it.

Because the Court agrees with the R&R that Ms. Saragosa's voluntary consent was sufficiently attenuated from the unlawful seizure of the van, evidence obtained from the van is admissible and Hill's suppression motion must be denied. The parties do not

object to the R&R's determination that Count II of the Indictment should be dismissed because it is the same offense as Count I for purposes of the multiplicity analysis. (R&R at 7-8.) Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 44) is **ADOPTED**;

2. Defendant's Motion to Dismiss Multiplicitous Counts (Docket No. 28) is **GRANTED**;

3. Count II of the Indictment (Docket No. 12) is **DISMISSED**; and

4. Defendant's Motion to Suppress Evidence (Docket No. 32) is **DENIED**.

Dated: November 21, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge