# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 17-183 (PAM/LIB)

                               Plaintiff,

v.                                                      **MEMORANDUM AND ORDER**

Joshua Francis Hill,

                               Defendant.

_____

     This matter is before the Court on the Government's Motion to Determine Restitution. For the following reasons, the Court denies the Motion.

## BACKGROUND

     Defendant Joshua Francis Hill pled guilty to second-degree murder in January 2018. (Docket No. 66.) In the plea agreement, Hill recognized that the Mandatory Victim Restitution Act ("MVRA") applied and that the Court was "required to order [Hill] to make restitution to the victims of his crime." (Id. ¶ 9.) At the time of the plea, however, the parties had not reached an agreement as to the amount of restitution. (Id.)

     On May 15, 2018, the Court held a sentencing hearing for Hill. Because restitution issues remained to be determined, the Court reserved determining the specific amount of restitution for 30 days. (Docket No. 79.)

     Now, more than three years later, the Government seeks restitution in the amount of $1,008.00 for the only victim to make a claim under the MVRA. As Hill notes, this victim made her claim well before sentencing; the Government sought a delay for a final

determination regarding restitution because the Leech Lake Band of Ojibwe had not yet submitted any request for restitution. According to the Government, it has diligently attempted to ascertain whether the Band sought restitution for the victim's burial expenses, but because of personnel changes in the United States Attorney's Office and the Band, and due to the pandemic, the Government did not hear definitively from the Band that it did not seek restitution until September 24, 2020.

**DISCUSSION**

The MVRA contemplates that a determination as restitution amounts will be made at sentencing. See 18 U.S.C. § 3664 (setting forth procedures for determining restitution). The statute requires that, if the amount of losses "are not ascertainable by the date that is 10 days prior to sentencing . . . the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." Id. § 3664(d)(5). In this matter, the amount of the victim's losses, at least the losses now at issue, was fully ascertainable at sentencing, but the issue of restitution was postponed to allow additional victims to claim losses. And indeed, it seems that the Assistant United States Attorney then assigned to this case understood that a statutory deadline loomed, as he informed Hill's counsel on July 10, 2018, that because the parties could not agree on restitution, he would seek a date for an evidentiary hearing to determine restitution. (Def.'s Ex. 2 (Docket No. 101-1).) He did not do so, however, and the Government did not communicate with the Court regarding restitution until bringing the instant Motion.

To be sure, the Court has the authority to order restitution even after the expiration of the statutory 90-day period. Dolan v. United States, 560 U.S. 605, 608 (2010). And the

Court must consider the purpose of the MVRA, which "seeks primarily to ensure that victims of a crime receive full restitution." Id. at 612. But the Court of Appeals has suggested that where, as here, the amount of restitution is ascertainable before sentencing, § 3664(d)(5) does not apply and the Court must impose restitution at sentencing or within 90 days thereafter. United States v. Clausen, 949 F.3d 1076, 1080 (8th Cir. 2020). There is no dispute that the victim sought the restitution that is the subject of this Motion in a timely manner before Hill's 2018 sentencing. (Docket No. 96-2.) The only reason the Court did not order that amount as restitution was that neither the Government nor Hill's attorney had been able to determine that the amounts claimed were appropriate under the MVRA. (Sentencing Hr'g Tr. (Docket No. 93) at 2-3.) According to the reasoning in Clausen, the Government's request comes too late.

But even if not too late, the prejudice to Hill from this long-delayed request warrants denying it. The Government contends that Hill has not been prejudiced because he knew that restitution was required and because he could pay off the relatively small restitution obligation during the long period of his incarceration. But whether Hill can pay the restitution is irrelevant. See 18 U.S.C. § 3664(f)(1)(A) (requiring the Court to order full restitution "without consideration of the economic circumstances of the defendant"). The relevant inquiry is whether the delay prevents Hill from examining the propriety of the restitution request.

There can be no question that the three-year delay makes it nearly impossible for Hill to meaningfully contest the individual amounts sought. The restitution request is not substantiated by any receipts. Rather, it is a note setting forth amounts ostensibly spent for

3

Hill's victim's funeral and noting that the submitting victim cannot find any receipts. (Docket No. 96-2.) While the Court has no reason to doubt the veracity of the request, it is Hill's right to ensure that the amounts sought are within the purview of the MVRA, 18 U.S.C. § 3663A(b)(3)-(4), something that the long delay has made extremely difficult, if not impossible. The Government bears the burden to establish the loss by a preponderance of the evidence. Given the passage of time and the unsubstantiated and untested nature of the restitution request, the Court does not believe it has done so. See United States v. Mathis, No. 11cr383(2), 2017 WL 4325686, at *2 (D. Minn. Sept. 27, 2017) (denying in part request for restitution order brought nearly four years after sentencing because of prejudice to the defendant).

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** the Government's Motion to Determine Restitution (Docket No. 95) is **DENIED**.

Dated: ___July 13, 2021___

___s/Paul A. Magnuson___
Paul A. Magnuson
United States District Court Judge